was at liberty to find, and did find, that Mr. Beneville's version of the agreement between himself and the defendant was the correct one, and we see no reason for disturbing the conclusion at which he arrived. But the order appealed from directs the defendant to pay specific amounts as referee's and stenographer's fees, and it is urged by the appellant that there was nothing whatever before the court to furnish a basis for the allowance of the amounts directed to be paid for those fees. We have, however, in the record, an affidavit of the referee, which the appellant has allowed to come into the case, and from which it would appear that his charges are proper. There was nothing before the court, nor is there anything in the record, which shows what was the value of the services of the stenographer, or whether the amount allowed him was reasonable or excessive. Therefore the order appealed from should be modified by striking out the provision directing a specific sum to be paid to the stenographer, and inserting instead thereof a provision that the defendant also pay fees of the stenographer upon the reference; such fees to be taxed by the clerk.

As modified, the order should be affirmed, without costs. All concur.

---

KAHN et al. v. CASPER et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

BANKRUPTCY—DISCHARGE AFTER ANSWER—PLEADING—SUPPLEMENTAL ANSWER —SETTING ASIDE DEFAULT—TERMS.

Where a motion to open a default, and grant leave to serve a supplemental answer setting up a discharge in bankruptcy after service of answer, was filed six months after such discharge, but within one year therefrom, it was proper to grant such motion, on imposition of terms, notwithstanding such delay, since such motion set up a seemingly complete defense which came into existence after service of the answer, though it did not entitle defendant to a cancellation and discharge of the judgment under Code Civ. Proc. § 1268, authorizing cancellation and discharge of a judgment on application therefor after one year from discharge in bankruptcy.

Appeal from special term.

Action by L. & M. Kahn & Co. against Charles Casper and another on a promissory note. From an order granting a motion of defendant Charles Casper to open a default, and for leave to serve supplemental answer, plaintiffs appeal. Modified.

Argued before PATTERSON, P. J., and HATCH, RUMSEY, INGRAHAM, and McLAUGHLIN, JJ.

I. Gainsburg, for appellants.
John J. Leary, for respondents.

RUMSEY, J. As the discharge in bankruptcy in this case was granted on the 19th of July, 1899, and the motion for leave to amend the answer was made on the 9th of March, 1900, sufficient time had not elapsed to authorize the defendant Charles Casper to move under section 1268 of the Code of Civil Procedure, even if, under the circumstances, the case could ever be brought within the provisions of that section. The motion therefore presented the ordinary case of

a person who asks leave to set up in a supplemental answer what seems to be a complete defense to the action, which has come into existence since the original answer was served. In such cases, when the motion for leave to serve a supplemental answer is granted, it is usual and proper to impose terms; and that should always be done, unless, perhaps, some especial reasons are made to appear to the contrary. There are no such reasons in this case, and, therefore, while it was not improper to grant the motion, even in view of the very considerable delay in making it, it should not have been granted without terms; and the order is therefore modified by requiring, as a condition for the granting of the leave to serve a supplemental answer, that he should pay all the costs of the action, including the costs of entering judgment upon the default, and that, if the plaintiff desires to discontinue the action as to Charles Casper, he should be permitted to do so without costs, and as so modified the order should be affirmed, without costs. All concur.